Appellant=s Motion for Rehearing Overruled; Affirmed and Supplemental
Majority Opinion filed January 10, 2008








Appellant=s Motion for Rehearing Overruled; Affirmed and
Supplemental Majority Opinion filed January 10, 2008.

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00822-CV

_______________

 

ROBIN CHRISMON AND LONNIE CHRISMON, Appellants

 

V.

 

HAROLD J. BROWN, INDIVIDUALLY AND AS AN AGENT OF
REGISTERED TEAMS OF THE AMATEUR SOFTBALL ASSOCIATION OF AMERICA, AND REGISTERED
TEAMS OF THE AMATEUR SOFTBALL ASSOCIATION OF AMERICA, Appellees

                                                                                                                                               


On Appeal from 127th District Court

Harris County, Texas

Trial Court Cause No. 04-00932

                                                                                                                                                

 

S U P P L E M E N T A L   M A J O R I T Y   O P I N I
O N

 








In their motion for rehearing,
appellants Robin Chrismon and Lonnie Chrismon assert arguments grounded on the
proposition that appellee Registered Teams of the Amateur Softball Association
of America, in its motion for summary judgment, did not assert any no-evidence
grounds against the vicarious-liability claims.  The Chrismons urge that, even
though Registered Teams asserted in its motion that there is no evidence of
duty, it asserted a traditional ground rather than a no-evidence ground
because, among other things, (1) the  words Ano evidence@ do not appear in the title of the
motion or in any heading in the motion; (2) the motion does not contain a
citation to Texas Rule of Civil Procedure 166a(i) or the standard of review for
no-evidence summary-judgment motions; (3) Registered Teams attached evidence to
its motion and quoted from that evidence; and (4) other grounds asserted in the
motion are traditional grounds for summary judgment.[1]








The Texas Supreme Court has held that
attaching evidence to a motion or including other traditional summary-judgment
grounds in the motion does not foreclose the movant from asserting no-evidence
grounds in the motion.  See Binur v. Jacobo, 135 S.W.3d 646, 650B51 (Tex. 2004).  Likewise, our high
court has concluded that, while it would be helpful for the movant to use
headings to clearly delineate which summary-judgment grounds are based on Rule
166a(i), such clarity is not required for the assertion of a no-evidence
ground.  See id.  According to the Texas Supreme Court, if the movant
clearly sets forth its no-evidence grounds and meets Rule 166a(i)=s requirements, then the movant has
asserted these no-evidence grounds.  See id.  Disagreeing with the court
of appeals=s conclusion that the movant in Binur had asserted only
traditional summary-judgment grounds, the Texas Supreme Court held that the
movant sufficiently asserted a no-evidence ground attacking the essential
element of proximate cause because A[movant=s] motion for summary judgment
asserted that there was no evidence of proximate cause.@  Id. at 651.  Registered
Teams satisfied Rule 166a(i) and asserted a no-evidence ground in which it
attacked the essential element of duty.  See id. (concluding movant
satisfied Rule 166a(i) and asserted no-evidence ground by stating in motion
that there was no evidence of an essential element of plaintiff=s claim); Alaniz v. Rebello Food
& Beverage, L.L.C., 165 S.W.3d 7, 11B12 (Tex. App.CHouston [14th Dist.] 2005, no pet.)
(holding movant satisfied Rule 166a(i) and asserted no-evidence grounds by
stating two essential elements of the plaintiffs= claims and asserting that there was
no evidence of these elements).  Thus, we find no merit in the Chrismons= rehearing arguments premised on
Registered Teams=s purported failure to assert a no-evidence ground attacking
duty.[2]  The Chrismons= motion for rehearing is denied.

 

                                                                              

 

 

/s/        Kem Thompson Frost

Justice

 

 

Motion
for Rehearing Overruled and Supplemental Majority Opinion filed January 10,
2008.

 

Panel
consists of Justices Fowler, Frost, and Edelman.* (Edelman, J.,
dissents without opinion on rehearing).

 

 

 

 

                                                                                                                                                            

 









[1]           The Chrismons also state that Registered
Teams admitted the existence of duty in its motion; however, we addressed this
issue on original submission.  See Chrismon v. Brown, No.
14-05-00822-CV, CS.W.3dC,C, 2007 WL 2790352, at *8 & n.12 (Tex. App.CHouston [14th Dist.] Sept. 27, 2007, no pet. h.). The
Chrismons also state that Sterner v. Marathon Oil Co. would provide the
standard of review as to any traditional summary-judgment ground that
Registered Teams asserted against the essential elements of the Chrismons= claims.  See 767 S.W.2d 686, 690 (Tex. 1989). 
This is incorrect; rather, Sterner deals with a legal-sufficiency
challenge to an adverse fact finding as to which the appellant had the burden
of proof at trial.  See id.  The Texas Supreme Court has stated that, in
reviewing a summary-judgment de novo, appellate courts must consider all the
evidence in the light most favorable to the nonmovant, crediting evidence
favorable to the nonmovant if reasonable jurors could and disregarding contrary
evidence unless reasonable jurors could not.  Mack Trucks, Inc. v. Tamez,
206 S.W.3d 572, 582 (Tex. 2006).  The evidence raises a genuine issue of fact
if reasonable and fair-minded jurors could differ in their conclusions in light
of all of the summary-judgment evidence.  Goodyear Tire & Rubber Co. v.
Mayes, 236 S.W.3d 754, 756 (Tex.  2007).  





[2]           In their final argument on rehearing, the
Chrismons assert that, even if Registered Teams asserted a no-evidence ground
as to duty, this court has affirmed that motion on a ground not asserted in
Registered Teams=s motionCthe
inherent-risk doctrine.  We addressed this argument on original submission.  See
Chrismon, 2007 WL 2790352, at *8 & n.12.  We stand by this analysis.





*           Senior Justice Richard H. Edelman sitting
by assignment.