Robert E. JACKSON, Appellant,

v.

Herbert TRAIN et al., Appellees.

No. 7416.

Court of Civil Appeals of Texas, Beaumont.

Dec. 28, 1972.

P. Otis Hibler, San Antonio, for appellant.

Groce, Locke & Hebdon, San Antonio, for appellees.

STEPHENSON, Justice.

This is an action for damages for malicious prosecution. Plaintiff, Robert E. Jackson, brought this suit against defendants, Kenneth E. Train, Herbert Train, L. A. Train, Jess Train and Mrs. Herbert Train, alleging that these defendants are partners in a business known as Swift-Train Company in San Antonio, Texas. Trial was by jury, but judgment was instructed by the court for defendants at the close of all of the evidence. The parties will be referred to here as they were in the trial court.

■ It is agreed by the parties that the necessary elements of a criminal prosecution cause of action are as follows: Commencement of criminal prosecution against plaintiff which was caused by defendant, or through defendant's aid or cooperation, which terminated in favor of plaintiff. That plaintiff was innocent of the charge against him. That there was no probable cause for such proceeding. That it was done by defendant with malice, which resulted in damage to plaintiff. See Parker v. Dallas Hunting and Fishing Club, 463 S.W.2d 496 (Tex.Civ.App., Dallas, 1971, no writ).

Defendants' motion for instructed verdict was based upon the following grounds: No evidence that the prosecution terminated successfully to plaintiff. No evidence of any interference by defendants of plaintiff's person or property. No evidence of malice. No evidence of want of probable cause. No evidence that plaintiff was innocent.

■ Plaintiff's points of error are general in nature, as they necessarily must be in a case involving an appeal from an instructed verdict in which the judgment of the trial court does not show the basis for its rendition. The trial court could grant the instructed verdict only in the event there was no evidence to support any one of the essential ingredients to a malicious prosecution cause of action.

The uncontradicted evidence shows plaintiff had been in the retail carpet business for many years doing business with defendants, who were in the wholesale carpet business. Most of such time, plaintiff operated as an individual, but he had incorporated his business about a year before the incidents, made the basis of this suit, occurred. Plaintiff had been buying his carpet from defendants on credit until he became heavily indebted to them. An arrangement was then made between them that all future sales would have to be for cash. However, a part of the agreement was that, as plaintiff would make a new purchase, he must pay to defendants an amount of money not less than the amount of the new purchase, but the payment would be credited to the oldest unpaid invoice. One of the checks given by plaintiff to defendants was returned because of insufficient funds, and defendant Kenneth Train went to the district attorney's office and made an affidavit which commenced a criminal prosecution against plaintiff. The complaint drawn by the district attorney charged plaintiff with the offense of swindling by worthless check. Shortly thereafter, plaintiff was indicted by the grand jury for that offense. Then a strange turn of events occurred. A man by the name of Robert B. Jackson had several criminal cases pending against him of a similar nature, and apparently under an arrangement with the district attorney's office, he plead guilty to the indictments against him as well as to the indictment against plaintiff. Defendant read an account of those proceedings in the newspaper and, upon calling the district attorney's office, the mistaken identity was discovered. Defendant Kenneth Train then returned to the district attorney's office and made a second affidavit in reference to another check which plaintiff had given defendants which also had been returned because of insufficient funds. An indictment was then prepared in the district attorney's office and carried to the grand jury and plaintiff was "no-billed". Thereafter, this suit was filed.

■■ Looking only to the evidence favorable to the positions taken by plaintiff on this appeal, as we are required to do when considering no-evidence points, plaintiff's points of error are overruled. There is no evidence that plaintiff was innocent of the charges made against him. All of the evidence shows plaintiff gave defendant a check and that he did not have sufficient funds in the bank to cover its payment. The check was not given for a preexisting debt. Under the circumstances of this case, even though the payment made would have been applied on an old invoice, the fact remains, plaintiff obtained carpet from defendants because he had written the check made the basis of the complaint. The plea of guilt by Robert B. Jackson, as explained in this record, is not evidence that plaintiff was innocent of the charge made. Plaintiff admitted he signed the check, and obtained merchandise from defendants. There is no testimony that the check or the account has ever been paid. Likewise, there is no evidence that plaintiff is innocent of the charge initiated by the

second affidavit. The no-bill is not evidence that plaintiff was innocent in view of the fact that again plaintiff admitted he signed the check and obtained merchandise from defendants.

There is no evidence that there was no probable cause for such proceeding. The law seems to be well settled in this state that a party filing a criminal complaint does so upon probable cause where he, in good faith, makes a full and fair disclosure of the facts and circumstances known to him. Ada Oil Company v. Dillaberry, 440 S.W.2d 902 (Tex.Civ.App., Houston—14th Dist., 1969, dism'd). This was not a defensive matter, but part of plaintiff's basic cause of action. Plaintiff had the burden of proving that defendant failed to make a full and fair disclosure. There is nothing in this record indicating the defendants gave the district attorney any false information or failed to disclose any information.

There is no evidence that defendants acted with malice. Defendant Kenneth Train testified he was interested in collecting the debt when he took this matter to the district attorney's office, but he also testified he thought they were hot checks and a criminal offense. The record in this case shows no more than that the defendant Kenneth Train furnished the district attorney's office with information where the determination was made as to the actual charges that were filed against plaintiff. This court takes judicial knowledge of the fact that it is a common practice for merchants to carry their uncollectible checks to the district attorney's office for assistance. The only unique feature in the case before us is the plea of guilt by a third person. As said in the *Dillaberry Case*, supra, public policy favors the exposure of crime, and such exposure should not be discouraged by recoveries against the prosecutors unless proof is made by positive, clear and satisfactory evidence.

Affirmed.