**Reversed and Remanded and Memorandum Opinion filed August 24, 2021.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-00513-CV

_____

**SAMUEL PATRICK BRENNAN, Appellant**

**V.**

**MATTHEW KAUFMAN, Appellee**

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2017-73209**

## MEMORANDUM OPINION

Appellant Samuel Patrick Brennan appeals the trial court's summary judgment in favor of appellee Matthew Kaufman. Appellant raises two issues on appeal. First, he contends that the trial court erred in concluding that he released intentional torts committed against him when he signed a release form. Second, he contends that the trial court erred in rendering summary judgment in favor of appellee. We reverse and remand.

# I. BACKGROUND

On September 7, 2016, the parties were playing in a soccer match on opposing teams. Appellant alleges that appellee attacked him deliberately during the game. Appellant suffered a "severe concussion, facial fractures that required surgery and . . . ongoing loss of sensation and nerve damages as a consequence of the violent act." Appellee argues that appellant was injured when the two parties were involved in a "header" in which they banged their heads together.

Appellant filed suit against appellee for assault. Appellee filed a no-evidence motion for summary judgment arguing that appellant had "no evidence (or less than a scintilla) to support his claim under Element (1) – that [appellee] acted intentionally, knowingly or recklessly." Appellee also filed a traditional motion for summary judgment arguing that appellant released his claims in the form release appellant signed prior to participating in any games at a local soccer club. Appellee argued that appellant's injuries were the result of an "inherent risk" of the game. Appellee argued that the summary judgment evidence showed that both players were attempting to win the ball during play with a header move; thus, the injury was accidental in nature and an inherent risk. Appellee further argued that the "business records" produced by the league show that the referee and league official both determined that appellee was going for the ball at the time of the collision and "that there was no reason to believe that the collision was intentional or purposeful in nature." Appellee argued that the district attorney declined to bring any criminal charges against appellee for his conduct. Appellee attached excerpts from appellant's and appellee's depositions, the business records of the soccer club, the district attorney's file on the case, and the release form.

Appellant filed his response to appellee's no-evidence motion for summary judgment attaching two witness statements in which the witnesses recalled the

incident and averred that appellee acted intentionally and that the move was not an accident stating "[appellee] did not appear to be trying to use his head to intercept the soccer ball, but instead appeared to intentionally hit [appellant's] face with the back of his head. . . . [appellee's] act was intentional and not an accident." Appellant argued that the eyewitness testimony created a fact issue on appellant's claim for assault.[1]

In his response to appellee's motion for summary judgment, appellant argued that his claims for intentional torts were not released by the release signed with the soccer club as a matter of public policy. Appellant also argued that the lack of prosecution of the alleged assault by the district attorney and the "no fault" finding by the soccer league was not conclusive of whether appellee had committed an assault.

The trial court conducted a hearing on appellee's motions for summary judgment and granted appellee's "motion for summary judgment" without specifying the reason the motion was granted.

## II.   WAIVER

Appellee argues that appellant has waived any argument regarding the no-evidence motion for summary judgment. We address appellee's argument first because if meritorious, it is dispositive of the entire appeal.

Rule 38.9 of the Texas Appellate Rules of Procedure requires the court to construe briefs liberally. *See* Tex. R. App. P. 38.9. Appellate briefs should be construed reasonably, yet liberally, so that the right to review is not lost by waiver. *Id*. "An appellant can preserve error 'in the body of their appellate brief,' even if it is not separately listed in the notice of appeal or presented as an issue in the brief."

---

[1] Appellee moved to strike the affidavits filed by appellant but the trial court did not rule on appellee's motion.

*Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162 (Tex. 2012) (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam)).

Here, appellant argues in a footnote that "[i]f the Court were to determine that the trial court also granted a no-evidence motion for summary judgment, which Appellant disputes, the subject statements also defeat the no-evidence motion for summary judgment." Appellee argues that appellant has "admitted" that he "does not contest the trial court's granting of Appellee's no evidence motion for summary judgment" citing to a statement made in appellant's brief where he argued that "the only issue before this Court is the trial court's granting of the traditional motion for summary judgment." This ignores that appellant was arguing that the only motion granted was the traditional motion, a contention he maintained in the footnote referenced above.

Construing appellant's brief reasonably, yet liberally, we conclude the issue is not waived.

## III.  ASSAULT

Appellant argues that the trial court erred in determining that (1) appellant failed to bring forth evidence of appellee's intent; and (2) appellee established as a matter of law that appellee lacked the requisite intent to commit assault. Appellee contends that the injury at issue was an inherent risk of the game and, therefore, no negligence duty is owed to appellant. Appellee then argues that there was "no evidence" that appellee's actions were intentional, knowing, or reckless.

## A.    General Legal Principles

We review the trial court's grant of a motion for summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In reviewing either a no-evidence or traditional summary

4

judgment motion, we must take as true all evidence favorable to the non-movant and draw every reasonable inference and resolve all doubts in favor of the non-movant. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23–24 (Tex. 2000) (per curiam); *Haven Chapel United Methodist Church v. Leebron*, 496 S.W.3d 893, 899 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

A no-evidence motion for summary judgment is essentially a motion for a pretrial directed verdict. Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the non-movant's claim or defense. Tex. R. Civ. P. 166a(i). The non-movant is required to present evidence raising a genuine issue of material fact supporting each element contested in the motion. *Id.*; *Timpte Indus.*, 286 S.W.3d at 310. Generally, we first review the no-evidence summary judgment motion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

The party moving for a traditional summary judgment has the burden to show that no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Willrich*, 28 S.W.3d at 23. To be entitled to traditional summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a

5

genuine issue of material fact. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). When, as in this case, the trial court does not specify the grounds on which it rendered summary judgment, we must affirm that summary judgment if any of the independent grounds for summary judgment grounds are meritorious. *Chrismon v. Brown*, 246 S.W.3d 102, 106 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

The elements of civil assault mirror those of a criminal assault. *Loaisiga v. Cerda*, 379 S.W.3d 248, 256 (Tex. 2012). As relevant in this case, an assault occurs if a person intentionally, knowingly, or recklessly causes bodily injury to another. *See id.* Liability in the context of sports injuries has not yet been addressed by the Texas Supreme Court. *See Sw. Key Program, Inc. v. Gil-Perez*, 81 S.W.3d 269, 271–72 (Tex. 2002) (discussing validity of three different approaches and declining to adopt any in the case at hand). However, this court has previously held that "[r]egardless or whether the risk that resulted in plaintiff's injury is inherent in the nature of the sport in question, a participant-defendant owes a duty not to engage in gross negligence or intentional conduct causing injury to the plaintiff." *Chrismon*, 246 S.W.3d at 112; *see also Dunagan v. Coleman*, 427 S.W.3d 552, 427 S.W.3d 552, 558 (Tex. App.—Dallas 2014, no pet.) (noting that "participants are not immunized from all liability for their conduct" including intentional conduct); *Connell v. Payne*, 814 S.W.2d 486, 489 (Tex. App.—Dallas 1991, writ denied).

## B.    No-Evidence Summary Judgment

In his no-evidence motion for summary judgment, appellee argued there was no evidence "that [appellee] acted intentionally, knowingly or recklessly." To defeat appellee's no-evidence motion, appellant was required to present evidence raising a genuine issue of material fact showing appellee acted intentionally,

knowingly, or recklessly. Tex. R. Civ. P. 166a(i); *Timpte Indus.*, 286 S.W.3d at 310.

Appellant attached the affidavits of two witnesses to his response to appellee's no-evidence motion for summary judgment. The second witness testified that while participating in the soccer game he witnessed the incident from close range:

> As the soccer ball drew near [appellant] and [appellee] I witnessed [appellee] throw his head backwards into the face of [appellant] while they were both still in the air. [Appellee] did not appear to have been trying to use his head to intercept the soccer ball, but instead appeared to intentionally hit [appellant's] face with the back of his head.

The testimony of appellant's witness is not that appellee attempted to use his head to hit the ball and, as a result, caused the injury to appellant. Instead, appellant's witness testified that appellee was not targeting the ball with his head but was targeting appellant with his head. Evidence favorable to the non-movant is taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex. 1985). The testimony of the witnesses is sufficient to raise a fact issue regarding appellee's intent. *See Greer v. Davis*, 921 S.W.2d 325, 328 (Tex. App.—Corpus Christi 1996), *writ denied*, 940 S.W.2d 582 (Tex. 1996) (affidavits regarding intent in context of sport-related injury sufficient to raise fact issue ); *see also Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986) ("Intent is a fact question uniquely within the realm of the trier of fact because it depends upon the credibility of the witnesses and weight to be given to their testimony.").

Appellee argues that the affidavits fail to create a fact issue because they are conclusory. "Conclusory statements in an affidavit unsupported by facts are insufficient to support or defeat summary judgment." *1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 195 S.W.3d 20, 27 (Tex. App.—

7

Houston [14th Dist.] 2005, pet. denied). "A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Id*. The second witness's affidavit related the facts as personally observed by him during the soccer match. The relation of the facts show how and why the witness concluded or believed that appellee was acting with intent, thus showing the underlying facts upon which his conclusion was supported. Therefore, the affidavit is not conclusory.

Appellee argues that *Chrismon* mandates affirming the summary judgment in this case because of the inherent risks involved in the game of soccer. 246 S.W.3d at 112. However, under *Chrismon*, when a party is alleging an intentional assault that caused injury, inherent risk is not considered. *Id*. at 112 ("Regardless of whether the risk that resulted in the plaintiff's injury is inherent in the nature of the sport in question, a participant-defendant owes a duty not to engage in gross negligence or intentional conduct causing injury to the plaintiff."). A participant owes a duty to not engage in intentional conduct causing injury. *Id*. Thus, appellee was not required to provide any proof regarding whether the "risk in question" was inherent or not.

We conclude appellant presented evidence raising a genuine issue of material fact.

## C.   Traditional Summary Judgment

In appellee's traditional motion for summary judgment, he argued that the "summary judgment evidence shows that there was no malicious intent" and that appellant's injuries were the result of an accidental collision. Appellee attached

8

two emails from two different people involved in the soccer club.[2]  The first stated that:

> There was no reason to believe the collision in [the] soccer game . . . was intentional. . . . [appellee] jumped into [appellant] at a full sprint. It happened quickly and I did not see it as well as [another person], but I think [appellant] was elbowed in the face by [appellee].

The second witness stated that the collision did not look purposeful but that the impact was "very hard."  Appellee argued that the parties were merely both trying to play the ball and accidentally collided.  Lastly, appellee argued that because no criminal charges were brought against him, there was no assault in this case.

Appellant responded and relied again on the affidavits of the same witnesses that testified in support of his response to the no-evidence summary judgment motion.  Appellant also argued that the lack of criminal proceedings was not dispositive with regard to his civil claim for assault.

For summary judgment to be proper on appellant's claim for assault, appellee had to negate at least one element of appellant's claim.  Appellee focused on negating the element of intent.  Appellant's witnesses stated that they did not believe that the collision was purposeful or intentional. However, even if this were sufficient to negate that the assault was intentional, it says nothing of whether appellee acted recklessly.[3]  *See Greer*, 921 S.W.2d at 328.  That the district attorney decided not to press charges does not conclusively establish that appellee was entitled to summary judgment on the element of intent.  *See Kroger Tex. Ltd.*

---

[2] Both statements were in the form of emails and were not objected to.

[3] Appellee argues that appellant is only proceeding under a theory that appellee "intentionally" assaulted appellant, and not that appellee knowingly or recklessly assaulted appellant.  Appellant denies this in his brief and also pleaded "knowingly or recklessly" in his original petition.  We disagree that appellant has limited his claim to "intentional" assault as opposed to reckless or knowing assault.

*P'ship v. Suberu*, 216 S.W.3d 788, 794 (Tex. 2006) ("[A]cquittal . . . shows only that the government did not prove . . . guilt beyond a reasonable doubt."); *Jackson v. Train*, 495 S.W.2d 36, 39 (Tex. App.—Beaumont 1972, no writ) ("The no-bill is not evidence that plaintiff was innocent . . . ."). As a result, appellee failed to establish his right to traditional summary judgment on appellant's claim for assault.

Because we conclude that appellant presented evidence raising a genuine issue of material fact with regard to the no evidence summary judgment and that appellee failed to negate any element of appellant's claim for assault, we sustain appellant's second issue.

## IV. RELEASE

In appellant's first issue, appellant argues that the trial court erred in rendering summary judgment based on the release agreement between appellant and the soccer club. Appellant argues that the release does not mention any intentional torts and that a release of an intentional tort cannot be enforced as a matter of public policy.

"Generally, a contractual provision 'exempting a party from tort liability for harm caused intentionally or recklessly is unenforceable on grounds of public policy.'" *Zachry Const. Corp. v. Port of Houston Auth. of Harris Cty.*, 449 S.W.3d 98, 116 (Tex. 2014) (citing RESTATEMENT (SECOND) OF CONTRACTS § 195(1) (1981)); *see also Fairfield Ins. Co. v. Stephens Martin Paving, LP*, 246 S.W.3d 653, 687 (Tex. 2008) (Hecht, J., concurring); *Crowell v. Hous. Auth. of Dallas*, 495 S.W.2d 887, 889 (Tex. 1973); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 219–22 (Tex. 2002) (suggesting that a tariff or contract provision including a pre-injury waiver of liability for gross negligence or willful misconduct may be so unreasonable as to violate public policy). In *Zachry*, the supreme court concluded

10

that a contract provision that purported to shield a party from liability for its own deliberate and wrongful conduct was void as against public policy.[4] *See id.*

This court has previously held that "pre-accident waivers of gross negligence are against public policy." *Sydlik v. REEIII, Inc.*, 195 S.W.3d 329, 336 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing *Mem'l Med. Ctr. Of E. Tex. v. Keszler*, 942 S.W.2d 433, 435 (Tex. 1997) (per curiam) (suggesting pre-injury waiver of liability for gross negligence is against public policy)). Other appellate courts have held that pre-injury waivers of gross negligence violate public policy and are void. *See Van Voris v. Team Chop Shop, LLC*, 402 S.W.3d 915, 924 (Tex. App.—Dallas 2013, no pet.) (collecting cases). This is because "gross negligence involves conduct that poses an extreme risk of harm to others and an actor that proceeds with conscious indifference to the rights, safety, or welfare of others." *Van Voris*, 402 S.W.3d at 924. Turning to intentional conduct, such as an assault, the considerations are the same as those with gross negligence—an actor that poses an extreme risk of harm to others and proceeds to intentionally, knowingly, or recklessly cause bodily injury to another. "[E]nforcing a provision to allow one party to intentionally injure another with impunity violates the law." *Zachry Const. Corp*, 449 S.W.3d at 117. "[W]hen no litigation is ripe or pending, we read releases more narrowly because releases and

---

[4] We note that a general release in a contract is different from consent. *See* RESTATEMENT (SECOND) OF TORTS § 892 (1979) ("One who effectively consents to conduct of another intended to invade his interest cannot recover in an action of tort for the conduct or the harm resulting from it."); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 195(1) (1981) ("A term exempting a party from tort liability for harm caused intentionally or recklessly is unenforceable on grounds of public policy."); *Smith v. Holley*, 827 S.W.2d 433, 438 (Tex. App.—San Antonio 1992, writ denied) ("This is true of defamation, surgical procedures, trespass to land, sporting events that involve physical contact, and a host of other acts that would be tortious in the absence of consent."). Here, appellee argued that the broad form general release signed by appellant released any and all intentional torts, including the alleged assault at issue in this case. Appellee did not argue that appellant consented to the assault inflicted in this case.

11

indemnity agreements before an injury occurs involve different policy concerns." *Sydlik*, 195 S.W.3d at 336.

Appellee argued in the traditional summary judgment motion that appellant waived his rights to bring a lawsuit "because [appellant's] present claim for the intentional tort of assault is subject to the Release document." The release in this case stated "[t]he term 'claims' includes all actions and causes of action, claims, losses, costs, expenses and damages, including legal fees and related expenses. THE RELEASING PARTIES HEREBY RELEASE, WAIVE, DISCHARGE, AND COVENANT NOT TO SUE THE RELEASED PARTIES FROM ANY AND ALL CLAIMS RELATED TO OR ARISING FROM THE CLUB OR THE ACTIVITY, INCLUDING, BUT NOT LIMITED TO, THOSE CLAIMS ARISING FROM OR RELATED TO PERSONAL INJURY, ACCIDENTS OR ILLNESSES (INCLUDING DEATH), AND/OR PROPERTY LOSS." "Activity" is defined as "the programs of the Club."

Here, the same policy considerations are involved as in *Zachry*, namely whether a broad form release can insulate a party from "future, deliberate, wrongful conduct." The release in this case is a broad form release, purporting to release "all actions and causes of action" related to or arising from the "club" or "activity" including, appellee argues, any claim for assault. It is important to note that in the context of the release argument, appellee has not argued that appellant has specifically consented to the alleged assault in this case by virtue of participation in the game of soccer. Instead, appellee argues that appellant has, by virtue of the release agreement between appellant and the soccer club, released appellee from any assault appellee may inflict upon appellant during any game played while at the club. "The law of torts imposes standards of conduct for the protection of others against unreasonable risk of harm. One cannot exempt himself

from such liability for harm that is caused either intentionally or recklessly." RESTATEMENT (SECOND) OF CONTRACTS § 195. Reading the release narrowly and considering the supreme court's holding in *Zachry*, to the extent that the trial court concluded that the release in this case released the claim of assault between appellant and appellee, the trial court erred. *See Zachry Const. Corp.*, 449 S.W.3d at 116; *Sydlik*, 195 S.W.3d at 336. Such a conclusion would insulate a party from its future, deliberate, wrongful conduct and is against public policy. *Zachry Const. Corp.*, 449 S.W.3d at 116.

We sustain appellant's second issue.

## V.    CONCLUSION

Having concluded there was no briefing waiver and having sustained both of appellant's issues, we reverse the judgment and remand this case to the trial court.


/s/   Ken Wise
Justice


Panel consists of Justices Wise, Bourliot, and Spain.